IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST C. SMALLWOOD JR., et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-0601-M-BK |
| | § | |
| BANK OF AMERICA, N.A., et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Now before the Court is Plaintiffs' *Motion for Reconsideration and to Amend Order Denying Rule 65 Motion*, Doc. 11. For the reasons that follow, the motion should be **DENIED**.

Proceeding without the assistance of counsel, Plaintiffs are again seeking to enjoin the impending foreclosure sale of their residence. They previously filed a similar action in this Court, which was ultimately dismissed without prejudice on their motion. No. 3:11-CV-1283-D, Doc. #91. In the present case, Plaintiffs sought a temporary restraining order ("TRO") preventing foreclosure sale scheduled for March 3, 2015, Doc. 4 at 1, which was denied by the District Judge on February 23, 2015, Doc. 8. Plaintiffs now request that the Court reconsider its order, arguing that (1) they were denied "basic due process" by not being afforded a hearing; (2) the evidence they submitted was sufficient to show irreparable harm; (3) they will suffer damages not capable of precise calculation; (4) they are likely to prevail on the merits; and (5) a claim for wrongful foreclosure would not make them whole. Doc. 11 at 2-3.

"The Court possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Choice Hotels Int'l Inc. v. Goldmark*

*Hospitality LLC*, No. 3:12-CV-0548, 2014 WL 642738 at *1 (N.D. Tex. 2014) (Fitzwater, C.J.) (citations omitted).  That notwithstanding, a motion for reconsideration is not intended to allow for rehashing of old arguments or the presentation of new theories, and the decision whether to grant is firmly entrusted to the discretion of the court.  *Dos Santos v. Bell Helicopter Textron Inc.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.) (citations omitted).  Plaintiffs present no new arguments to justify reconsideration.

Most of Plaintiffs' argument for reconsideration parrots that contained in their application for a TRO, Doc. 11.  They offer no new evidence.  The only new theory they advance is that they were denied due process when they were denied a hearing TRO request.  Doc. 11 at 2.  It is axiomatic that the federal courts have the discretion to manage their docket as they see fit, which includes the discretion of whether to hold a motion hearing.  *See United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (a district court has the inherent power to manage and control its own docket in order to achieve the orderly and expeditious disposition of cases).  Most importantly, Plaintiffs fail to state what evidence they would have presented at a hearing and how that would have changed the Court's decision that the motion was procedurally infirm.

Accordingly, it is recommended that Plaintiffs' *Motion for Reconsideration and to Amend Order Denying Rule 65 Motion*, Doc. 11, be **DENIED**.

**SO RECOMMENDED** on May 22, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE