## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ERNEST C. SMALLWOOD, JR, and** | § | |
| **EARTHA Y. SMALLWOOD,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:15-CV-601-M** |
| | § | |
| **BANK OF AMERICA, N.A., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

This case has been referred to the undersigned for pretrial management pursuant to *Special Order 3*. The Court now considers *Defendants' Motion to Dismiss*. Doc. 19. For the reasons discussed below, it is recommended that Defendants' motion be **GRANTED**.

## BACKGROUND

In October 2004, Plaintiffs executed a note ("the Note") in favor of Countrywide Home Loans, Inc. ("Countrywide") in the amount of $460,800, secured by a deed of trust ("Deed of Trust") in order to purchase the property at issue. Doc. 12 at 10. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") and its successors and assigns as the beneficiary and nominee for Countrywide. Doc. 12 at 11. The Deed of Trust expressly grants MERS the right to transfer the interest in the property and the right to enforce the Deed of Trust. Doc. 12 at 11. The relevant language of the Deed of Trust appears below:

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; (ii) the performance of Borrower's covenants and agreements

under this Security Instrument and the Note. For this purpose, Borrower
irrevocably grants and conveys to Trustee, in trust, with power of sale, the
following described property located in the County of DALLAS.

[Description of the Plaintiffs' property]

Plaintiffs acknowledged and agreed that MERS has the right to enforce the Deed of Trust

through their signatures on that document.  Doc. 12 at 22.

In April 2001, MERS assigned the Deed of Trust to Bank of New York Mellon

("BNYM"), formerly known as the Bank of New York, as Trustee for the Certificate-holders

CWALT, Inc. Alternative Loan Trust.  Doc. 12 at 7.  This assignment was recorded on April 19,

2011.  Doc. 12 at 7.

On February 20, 2015, in response to the threatened foreclosure of their property,

Plaintiffs filed a complaint ("Complaint") in this Court, against Bank of America, N.A., and

BNYM (collectively "Defendants").  Doc. 3.  Plaintiffs contend in their amended complaint that

the transfer of interest from MERS to BNYM was invalid because Countrywide never assigned

the Note and/or Deed of Trust to MERS, so MERS did not have an interest in the property to

transfer to BNYM.[1]  Doc. 10 at 3.  As a consequence of an allegedly invalid transfer of interest,

Plaintiffs urge the Court to find that the efforts of Defendants to foreclose on the property were

illegal.  Doc. 10 at 4.  Plaintiffs additionally claim that even if Defendants hold an interest in

their property, Plaintiffs stand to benefit from a settlement agreement between the federal

government and Bank of America that would reduce their principal balance and interest rate.

Doc. 10 at 5.  Plaintiffs request that the Court quiet title in their favor, award them damages,

enter a declaratory judgment providing that Defendants have no adverse interest to the Plaintiffs'

---

[1] Plaintiff uses BNYM and BOA interchangeably, and Defendants generally refer to the entities
collectively as "Defendants."  However, because the only transfer in dispute is that from MERS
to BNYM, and because the Plaintiffs' claims otherwise lack merit, the discrepancy is immaterial.

claim to the property, and enjoin Defendants from foreclosing on Plaintiffs' home.  Doc. 10 at 7-8.

## APPLICABLE LAW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true, but need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.  In order to overcome a Rule 12(b)(6) motion, a complaint should plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (same).  A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement.  *Iqbal*, 556 U.S. at 678.

A court generally cannot look beyond the pleadings in deciding a 12(b)(6) motion.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  However, the Court of Appeals for the Fifth Circuit has noted that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."  *Johnson v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).  A Deed of Trust and an Assignment of the Deed of Trust are matters of public record subject to judicial notice if the documents have been recorded in the official public records of the county. *Reece v. U.S. Bank Nat. Ass'n*, No. 4:13-CV-982-O, 2014 WL 301022, at *3 (N.D. Tex.) *aff'd*, 762 F.3d 422 (5th Cir. 2014) (taking judicial notice of a deed of trust and assignment that were recorded in the real property records for Tarrant County); *Starling v. JPMorgan Chase Bank,*

*N.A.*, No. 3:13-CV-777-M-BN, 2013 WL 4494525, at *3 (N.D. Tex. Aug. 22, 2013) (Lynn, J.) (adopting finding that "the Deed of Trust and Assignment were publicly recorded . . . and therefore are matters of public record"). Here, the Court takes judicial notice of the Deed of Trust and the Assignment of the Deed of Trust for the property in question, as both documents are matters of public record, filed in Tarrant County and Dallas County, respectively. Doc. 12 at 7-22.

## ARGUMENT AND ANALYSIS

Plaintiffs have standing to challenge the validity of the assignment of the Deed of Trust. Nevertheless, the motion to dismiss should be granted because Plaintiffs fail to state a legally cognizable claim.

### A  *Plaintiffs' standing*

Defendants argue that Plaintiffs cannot, as a matter of law, challenge the assignment from MERS to BNYM for lack of standing. Doc. 19-1 at 6. However, the Court of Appeals for the Fifth Circuit has recognized standing for homeowners who seek to prove that "assignments are void *ab initio*." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). "Though 'the law is settled' in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor *may* defend 'on any ground which renders the assignment void.'" *Id.* (citing *Tri-Cities Const., Inc. v. Am. Nat. Ins. Co.*, 523 S.W.2d 426, 430 (Tex. App.—Houston 1975)) (emphasis in original). Here, the Plaintiffs question the assignment from Countrywide to MERS, and subsequently from MERS to BNYM, and thus may defend against enforcement of the obligation under the loan on the ground that the assignments are purportedly void.

4

**B.  *MERS's assignment to BNYM***

Plaintiffs claim that MERS was as an improper transferee to the property at issue and therefore did not have the right to assign the loan to BNYM, but that argument has been overwhelmingly rejected by the Court of Appeals for the Fifth Circuit.  *See Ferguson v. Bank of New York Mellon Corp.*, __ F.3d __, 2015 WL 5751436, at *2 (5th Cir. Oct. 1, 2015) ("As a beneficiary, MERS had the right to assign the [deed of trust].  Therefore, MERS' acting as the beneficiary did not render the transfer to BNY void."); *Reece v. U.S. Bank Nat. Ass'n*, 762 F.3d, 422, 425 (5th Cir. 2014) ("Our Court has expressly recognized that MERS may assign a deed of trust to a third party and that such assignments confer the new assignee standing to non-judicially foreclose on property associated with that particular deed of trust."); *Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 253, 255 (5th Cir. 2013) (observing that "Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note," and holding that "the mortgage was assigned to MERS, and then by MERS to BAC—the assignment explicitly included the power to foreclose by the deed of trust").

Plaintiffs' claim that MERS did not have the power to foreclose or to assign the power to foreclose also lacks merit.  Texas courts recognize that the rights granted to MERS in a deed of trust give it the power for foreclose and sell the property, and the power to assign those rights and interests.  *See e.g. Bierwirth v. BAC Home Loans Servicing, LP*, No. 03-11-644-CV, 2012 WL 3793190, at *5 (Tex. App. Ct.—Austin Aug. 30, 2012) (Where MERS, as the beneficiary and the nominee for the Lender in the deed of trust, executed an assignment to BAC, BAC obtained all of MERS's rights and interests in the deed of trust (originating from the Lender), including the 'right to foreclose on and sell the Property).

Here, MERS was named the beneficiary and nominee for Countrywide in the Deed of Trust, and through that instrument, received the power to assign its interest, including the power to foreclose on and sell the property.  Therefore, MERS was well within its rights to assign its interest to BNYM.  Moreover, upon the transfer of MER"S interest, BNYM/BOA acquired the right to foreclose and sell the property at issue.  Accordingly, Defendants are entitled to dismissal of this claim.

## C.  Plaintiffs' quiet title action

Having established the validity of the assignment from MERS to BNYM, Plaintiffs' quiet title claim fails.  To prevail on a suit to quiet title, a plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012).  Moreover, as is most important to the issue here, the plaintiff in a quiet title action must recover on the strength of his own title, not on the alleged weakness of the defendant's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.– Corpus Christi 2001).

Plaintiffs argue that they have a plausible quiet title claim based on the strength of their own title by asserting that they "are the rightful owners, and have superior title." Doc. 10 at 6. However, Plaintiffs acknowledge that they executed a deed of trust in favor of Countrywide to secure their mortgage loan, and made their last mortgage payment to Countrywide in 2007. Their sole contention is essentially that they "never had, at any time, any relationship with BOA/BNYM," and therefore BOA/BNYM could not foreclose on the property.  Doc. 10 at 6-7.

Recently, this Court dismissed a similar quiet title action. *Pickens v. U.S. Bank Nat. Ass'n*, No. 3:12-CV-2210-O-BK, 2013 WL 866171, at *8 (N.D. Tex. Jan. 8, 2013) (Toliver, J.), *report and recommendation adopted*, No. 3:12-CV-2210-O, 2013 WL 869958 (N.D. Tex. Mar.

8, 2013). In *Pickens*, the Court found that the plaintiff did not provide any support for his own title, but rather focused on the alleged weakness of the defendants' title, and therefore plaintiff could not recover in a quiet title action. *Id.* As in *Pickens*, Plaintiffs here merely support their quiet title claim with conclusory assertions that they are the rightful owners of the property, and focus their argument on an alleged weakness in Defendants' title, which is insufficient to recover. Doc. 10 at 6-7. Moreover, as previously discussed at length herein, Plaintiffs' contention that Defendants' interest in the property is invalid or unenforceable is baseless. Because Plaintiffs' allegations are not factually sufficient to support a quiet title claim, this claim should be dismissed.

### D. Declaratory judgment

Plaintiffs seek declaratory judgment based on factual allegations challenging the assignment of the Deed of Trust. Doc. 10 at 6. Because their claim of superior title in the property has failed, Plaintiffs are not entitled to declaratory relief. *See Val-Com Acquisitions Trust v. Citimortgage, Inc.*, 421 Fed. App'x 398, 400-01 (5th Cir. 2011) ("In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant."); *see also Lindsey v. Ocwen Loan Servicing, LLC*, No. 3:10-CV-967-L, 2011 WL 2550833, at *6 (N.D. Tex. June 27, 2011) ("As Plaintiff's underlying claim for wrongful foreclosure will be dismissed, there is nothing remaining for the court to adjudicate in this proceeding, and Plaintiff is not entitled to any [declaratory] relief.")

Although Plaintiffs' case was originally filed in state court, now that it has been removed to federal court, the request for declaratory relief is converted into a request brought under the federal Declaratory Judgment Act. *Aimsworth v. Wells Fargo Home Mortgage, Inc.*, No. 3:14-CV-1942-M, 2014 WL 7273945, at *11 (N.D. Tex. Dec. 22, 2014) (Lynn, J.). The Federal

Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . [with exceptions not relevant here], any court of the United States, upon the filing of an appropriate pleading, may declare the rights . . . of any interested party seeking such declaration . . ." 28 U.S.C. § 2201(a).  This Act does not create an independent source of federal jurisdiction, but merely provides a remedy if there is, in fact, a judicially remediable right.  *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  In this case, because Plaintiffs' claims fail for the reasons stated above, they are not entitled to any relief under the Declaratory Judgment Act.  Accordingly, Plaintiffs' claim for declaratory judgment should be dismissed with prejudice.

### E.  Leave to Amend

Ordinarily, Plaintiffs should be granted leave to amend their complaint prior to dismissal.  *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("A pro se litigant should be offered an opportunity to amend his complaint before it is dismissed.").  Here, however, Plaintiffs have already filed an amended petition.  That fact notwithstanding, as detailed herein, neither of Plaintiffs' claims are legally cognizable and, therefore, they fail as a matter of law.  Under these circumstances, granting leave to amend would be futile and cause needless delay.  *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

Accordingly, all of Plaintiffs' claims should be dismissed with prejudice.  *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## CONCLUSION

For the reasons stated above, *Defendants' Motion to Dismiss*, Doc. 19, should be

**GRANTED**, Plaintiffs' claims **DISMISSED WITH PREJUDICE**, and this case **CLOSED**.

**SO RECOMMENDED** on October 28, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE