**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ERNEST C. SMALLWOOD, JR.** | § | |
| **and EARTHA Y. SMALLWOOD,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **Civil Action No. 3:15-CV-0601-M-BK** |
| | § | |
| **BANK OF AMERICA N.A., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the District Judge's *Order of Referral*, Doc. 35, this cause is before the Court on Plaintiffs' *Motion for New Trial*, Doc. 32.  For the reasons that follow, the motion should be **DENIED**.

In this garden-variety mortgage foreclosure case, Plaintiffs sought to avoid a threatened foreclosure sale of their home by contending that a transfer of interest between two entities was invalid due to an improper assignment of the note and/or deed of trust on the property.  Doc. 10. They requested quiet title in their favor, damages, a declaratory judgment, and an injunction preventing the foreclosure.  Doc. 10.

Based upon Defendants' motion, the undersigned recommended that the matter be dismissed because Plaintiffs had failed to state a legally cognizable claim insofar as the transfer in question was proper.  Doc. 28.  The District Judge adopted the recommendation and dismissed Plaintiffs' case with prejudice on November 12, 2015.  Doc. 30; Doc. 31.  This *Motion for New Trial* followed on December 7, 2015.  In their motion, Plaintiffs continue to challenge the assignment of the deed of trust and raise the novel argument that Defendants' attempt to foreclose on their home is barred by the statute of limitations.  Doc. 32.

A Rule 59(e) motion for new trial or to alter or amend a final judgment "calls into question the correctness of a judgment." *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (quotations omitted).  It is not the proper vehicle to either rehash evidence or legal theories that were previously raised or raise arguments that could have been offered earlier. *Id.*  A Rule 59(e) motion to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Id.* at 479.  Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Id.*  The Rule 59(e) standard favors the denial of motions to alter or amend a judgment. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

The undersigned thoroughly considered Plaintiffs' arguments regarding the assignment of the note and deed of trust when recommending the dismissal of their case.  Doc. 28 at 5-6. Because a Rule 59(e) motion is not a vehicle for a litigant to rehash previous arguments, the Court should deny Plaintiffs' Rule 59(e) motion in this regard. *Templet*, 367 F.3d at 479. Further, Plaintiffs' new arguments about the statute of limitations also do not provide support for altering or amending the judgment because those arguments could have been raised earlier in this litigation. *Id.*  Accordingly, it is **RECOMMENDED** that Plaintiffs' *Motion for New Trial* be **DENIED**.

**SIGNED** March 30, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE