IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ERNEST C. SMALLWOOD, JR. and EARTHA Y. SMALLWOOD, §§§§ Plaintiffs, § v. § BANK OF AMERICA N.A., et al., §§§§ Defendants. § | Civil Action No. 3:15-CV-0601-M-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Referral*, Doc. 42, the Court now considers Plaintiffs' *Rule 60(b) Motion for Relief from Judgment*, Doc. 39, and *Request for a Hearing*, Doc. 41. For the reasons that follow, the motions should be **DENIED**.

In this mortgage foreclosure case, Plaintiffs sought to avoid a threatened foreclosure sale of their home by contending that a transfer of interest between two entities was invalid due to an improper assignment of the note and/or deed of trust on the property. Doc. 10. They requested quiet title in their favor, damages, a declaratory judgment, and an injunction preventing the foreclosure. Doc. 10.

Based upon Defendants' motion, the undersigned recommended that the matter be dismissed because Plaintiffs had failed to state a legally cognizable claim insofar as the transfer in question was proper. Doc. 28. The District Judge adopted the recommendation and dismissed Plaintiffs' case with prejudice. Doc. 30; Doc. 31. A *Motion for New Trial* followed and was

denied by the District Judge upon the recommendation of the undersigned.  Doc. 36; Doc. 38. The current motions are now before this Court.[1]

Plaintiffs assert that they are entitled to relief due to "mistake, inadvertence, excusable neglect or any other reason."  Doc. 39.  In their supporting affidavit, they present arguments about the allegedly defective nature of their loan and the manner in which the foreclosure proceedings have been conducted.  Doc. 40.

Rule 60(b) relief is afforded only in "unique circumstances."  *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004) (quotation omitted).  The Court of Appeals for the Fifth Circuit has delineated several factors that should inform the Court's consideration of a motion under Rule 60(b): (1) the principle that final judgments should not be lightly disturbed; (2) a Rule 60(b) motion is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was filed within a reasonable time; (5) if the judgment was a dismissal in which there was no consideration of the merits, whether the interest in deciding the particular case on the merits outweighs the interest in the finality of the judgment, and there is merit in the movant's claim; (6) whether there are other equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.  *Crutcher v. Aetna Life Ins. Co*., 746 F.2d 1076, 1082 (5th Cir. 1984).

Applying these factors to the instant case, it is clear that Plaintiffs' motions should be summarily denied.  The merits of their case have been thoroughly considered twice already. They present nothing in their current motions that was not or could not have been presented

---

[1] Following the filing of the instant motions, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit.  Doc. 44.  This Court nevertheless retains jurisdiction to rule on these motions if the District Judge agrees with the recommendation that they should be denied.  *Lopez-Dominguez v. Gulf Coast Marine & Assoc.*, 607 F.3d 1066, 1073-74 (5th Cir. 2010).

previously.[2] The final judgment should not be disturbed under such circumstances and it would be inequitable to Defendant to do so. At this juncture, Plaintiffs' remedy lies with the appellate court.

Accordingly, it is **RECOMMENDED** that Plaintiffs' *Rule 60(b) Motion for Relief from Judgment*, Doc. 39, and *Request for a Hearing*, Doc. 41, be **DENIED**.

**SO RECOMMENDED** on May 5, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] The record in this case is fully developed and, thus, a hearing is not necessary to the Court's determination of the Rule 60(b) motion.